FOURNET, Chief Justice.
The plaintiff (appellee) seeks to have us dismiss the appeal of the defendant insofar as it suspends execution of the lower court’s judgment condemning the defendant to vacate the premises at 330 N. Rampart Street. The judgment also decreed that the lease between the parties covering the premises had been terminated.
It appears that the judgment appealed from was rendered on the 19th of December, 1956, and on the same date bond was furnished to the amount of $750, as fixed by the Court in the defendant’s motion for a suspensive appeal. On trial of plaintiff’s rule, an additional suspensive appeal bond in the sum of $1,500 was ordered by judgment dated January 14, 1957, and bond was furnished in accordance therewith on the 16th of January following, at 10:30 a. m.
The appellee contends that the supplemental bond, having been filed more than twenty-four hours after rendition of the judgment ordering that the additional bond be furnished, comes too late to suspend execution of the judgment of ejectment; and that the provisions of R.S. 13:4572 et seq., dealing with bonds in judicial proceedings, do not relate to a suspensive appeal bond in an ejectment suit.
The appellee’s contentions are clearly without merit. The supplemental bond was furnished in strict conformity with the judgment of the court, requiring appellant “to furnish a supplemental or additional suspensive appeal bond herein in the sum of $1,500 in accordance with R.S. 13:4572 et seq. within the time prescribed by law and under the penalties prescribed by law.” In securing that judgment the appellee followed the procedure directed in R.S. 13 :4573 for furnishing a new, additional or supplemental bond; appellant furnished the supplemental bond within the time therein prescribed; and “ * * * Any new bonds so furnished, and any supplemental or *617 additional bond, shall have the same effect as to principal and surety as if it had been furnished in the original bond and had been filed on the date of the filing of the original bond, and the surety or sureties thereon shall be liable to the extent of their obligation solidarily with the sureties on the original bond. * * * ” R.S. 13:4572.’ (Emphasis added.)
For the reasons assigned, the motion to dismiss the suspensive appeal is denied.